## MARY DRUMMOND *vs.* SAMUEL HOPPER.

Replevin lies only for a *tortious* taking.

Possession is evidence of property.

Replevin will not lie by the owner of property against the purchaser from a bailee, though he had no authority to sell; for the taking is not *tortious*.

But a contract with such a bailee when drunk, whether made so for the purpose or not, is void and gives no right to the possession; and a taking under color of such contract may be regarded as tortious.

THIS was an action of replevin tried at the November term, 1845, for a horse. The pleas were non cepit; property in the defendant, and property in a stranger. The horse was replevied (after a demand and refusal) and delivered to the plaintiff, who counted in the detinuit.

The evidence on the subject of the property as well as the possession of the horse and the manner of his coming into defendant's possession, was conflicting on the part of the plaintiff; it was proved by her son, Wesley Drummond, that the horse was her's and was exchanged by him with the defendant without authority and when intoxicated, having been induced to drink by the defendant for the purpose of getting him into this trade.

On the part of the defendant it was proved that the son used the horse as his own; offered to exchange with others; and did exchange with defendant and deliver the horse to defendant when sober.

This was relied on as conclusive for the defendant on the plea of non cepit; submitting to the jury the question of property.

*Mr. Rogers.*—Replevin will not lie except in cases of tortious taking; for although in *trover* a demand and refusal are evidence of a conversion, it will not make an unlawful *taking*. The propriety of the exchange between Wesley Drummond and the defendant, has nothing to do with this question. In no case where a party comes into possession of goods under a contract of purchase from a person in possession, can the action of replevin be maintained by a third person claiming the goods, though *trover* might.

*Mr. Wolfe* and *Mr. Wales.*—Any such purchase by fraudulent practices can give no right of possession to the purchaser. The contract itself is void and the taking the horse from a bailee of the owner, under the color of such a contract, is an unlawful taking from the possession of the owner; for the possession of the son, by her permission, for a temporary purpose, is the possession of the mother.

BOOTH, *Chief Justice,* charged the jury.—The action of replevin lies in cases only where the property has been taken tortiously or unlawfully from the possession of the plaintiff. The declaration charges an unlawful taking.

The defendant pleads, 1. That he did not take the property in manner and form as the plaintiff alledges; 2. That the property was in himself; 3. That it was in some third person.

If the defendant has maintained any one of these defences he is entitled to the verdict of the jury.

The question is, to whom did the horse belong? If it belonged to Wesley Drummond, the plaintiff cannot recover.

The first evidence of personal property is possession. If this young man was in the possession of the horse; holding himself out to others as the owner; and acting as the owner; the presumption of law is, that he was the owner. If he traded away this horse with the defendant in exchange for another, and delivered it to the defendant, (although he got the worst of the bargain) there being no fraud practiced by the defendant, the taking was not tortious, and in such case this action will not lie, but the plaintiff's remedy would be in another form of action. If, however, the plaintiff was the actual owner of the horse, and her son unlawfully took the horse from her possession, the unlawful taking continues in every place where the property is detained.

If Wesley Drummond was the bailee of his mother, that is, if the horse was lent to him, or delivered to him for any special purpose, and he delivered the horse to the defendant under contract, the defendant's taking is not unlawful and this action will not lie. If it appears to the jury that this young man was made drunk by the defendant, or if he was in a state of intoxication, whether by the means or procurement of the defendant or not, and thus rendered incapable of the exercise of reason, and while in such condition the alledged contract was obtained by the defendant, the contract was fraudulent and void, and would give no right of possession of the horse.

A possession thus acquired under such pretended contract, which in itself, would be illegal and void, could in no manner protect the defendant in this action, if it appears that Mary Drummond was the unequivocal owner of the horse. We are inclined to the opinion that a possession thus acquired would be an unlawful taking, and would entitle the plaintiff to recover in this form of action. And we believe this to be an extension of the common law doctrine, for it is a settled

principle in the English courts, that to sustain the action of replevin the plaintiff must make out a case of unequivocal possession in himself and of a taking by the defendant.

The plaintiff had a verdict.

*Wales* and *Wolfe*, for plaintiff.
*Rogers*, for defendant.